United States District Court
For the Northern District of California

1

2

3                   UNITED STATES DISTRICT COURT

4                   NORTHERN DISTRICT OF CALIFORNIA

5

6

7   ALISON M. ABELS,

8              Plaintiff,                    No. C 11-0208 PJH

9         v.                                 **ORDER GRANTING MOTION
                                             TO DISMISS**
10  BANK OF AMERICA, et al.,

11             Defendants.
   _____/
12

13         Defendants' motion to dismiss the complaint came on for hearing before this court

14  on March 30, 2011.  Plaintiff Alison M. Abels ("plaintiff"), who failed to file any opposition

15  brief, appeared pro se.  Defendants Bank of America, N.A. ("Bank of America") and

16  ReconTrust Co., N.A. ("ReconTrust") (collectively "defendants"), appeared through their

17  counsel, John Pingel.  Having read defendants' papers and carefully considered both

18  parties' oral arguments and the relevant legal authority, and good cause appearing, the

19  court GRANTS defendants' motion to dismiss, for the reasons stated at the hearing, and

20  summarized as follows.

21         1.     Plaintiff's first claim for fraud against defendants, premised on allegations that

22  defendants made false representations surrounding plaintiffs' loan origination, fails to state

23  a claim for which relief can be granted.  See Complaint ¶¶ 70-73.  First, it is barred by the

24  three year statute of limitations applicable to fraud claims, since plaintiff alleges that the

25  loan origination took place in November 2006, see Complaint, ¶ 50, but did not file her

26  complaint until more than three years later, in January 2011.  See, e.g., Cal. Code Civ.

27  Proc. § 338; Winn v. McCulloch Corp., 60 Cal. App. 3d 663, 672 (1976).  To the extent,

28  moreover, that plaintiff attempts to plead around the statute of limitations by alleging

United States District Court
For the Northern District of California

1   equitable tolling, see Complaint ¶ 68, plaintiff fails to sufficiently allege facts that would

2   establish a plausible claim for equitable tolling.  See Snapp & Assocs. Ins. Svcs., Inc. v.

3   Malcolm Bruce Burlingame Robertson, 96 Cal. App. 4th 884, 890 (2002)("[b]ecause fraud is

4   the basis of the estoppel, the same pleading and proof is required in the fraud cases, i.e.,

5   the plaintiff must show (a) the substantive elements of fraud, and (b) an excuse for late

6   discovery of the facts").  Second, plaintiff's fraud claim also fails because plaintiff fails to

7   plead fraud with particularity, as required by Federal Rule of Civil Procedure 9(b).  See

8   Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).  Specifically, plaintiff

9   fails to allege the particular misrepresentation or false statements made by specific

10  individual defendants, let alone individual defendants associated with defendants Bank of

11  America and ReconTrust.  Plaintiff also fails to allege the names of the persons who made

12  the allegedly fraudulent representations and their authority to speak.  Nor does plaintiff

13  allege with sufficient particularity or clarity, what is false or misleading about the statement,

14  and why it is false.

15          Accordingly, and for the foregoing reasons, plaintiff's fraud claim is DISMISSED.

16  The dismissal is with leave to amend, however, so that plaintiff may attempt to properly

17  allege facts stating a fraud claim, and furthermore plead sufficient facts to demonstrate her

18  entitlement to equitable tolling.

19          2.      Plaintiff's second claim for breach of fiduciary duty – alleging that defendant

20  Triton breached its fiduciary duty to plaintiff by failing to disclose material and relevant facts

21  to plaintiff regarding her loan refinance, and that defendant Bank of America was an "agent"

22  for plaintiff – is deficient.  Breach of fiduciary duty claims are subject to a three year statute

23  of limitations.  See Cal. Code Civ. Proc. § 338(d); Hobbs v. Batement Eichler, Hill Richards,

24  164 Cal. App. 3d 174 (1985).  Here, more than three years have passed between the

25  origination of plaintiff's November 2006 loan refinance, and the filing of plaintiff's complaint.

26  Thus, the claim is time-barred.  Moreover, even if timely, plaintiff's breach of fiduciary duty

27  claim nonetheless fails because neither a lender nor a loan servicer – both of which plaintiff

28

United States District Court

For the Northern District of California

1   rather confusingly alleges that defendant Bank of America constitutes, see Complaint ¶¶ 7,

2   17 – owe borrowers like plaintiff any fiduciary duty.  See, e.g., Nymark v. Heart Fed.

3   Savings & Loan Assn., 231 Cal. App. 3d 1089, 1093, n. 1 (1991)("The relationship between

4   a lending institution and its borrower-client is not fiduciary in nature")(citing Price v. Wells

5   Fargo Bank, 213 Cal.App.3d 465, 476-478 (1989)); see also, e.g., Shepherd v. Am. Home

6   Mortg. Serv., Inc., 2009 WL 4505925, * 2 (E.D. Cal. 2009)(loan servicer owes no fiduciary

7   duty to borrower).

8        Accordingly, plaintiff's fiduciary breach claim against defendant Bank of America is

9   DISMISSED.  The dismissal is with prejudice.

10       3.     Plaintiff's breach of contract claim, and alternative claim for rescission of

11  contract, fails to state a claim upon which relief can be granted.  As an initial matter, while

12  plaintiff has cursorily alleged the existence of a "residential mortgage agreement" with

13  defendant Bank of America, plaintiff has failed to more specifically identify or plead the

14  substantive terms of any such contract, let alone allege the manner in which such terms

15  were breached.  As such, plaintiff has failed to allege the requisite elements of a breach of

16  contract claim.  See First Comm. Mort. Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001)("A

17  claim for breach of contract under California law consists of the following elements: (1) the

18  existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and

19  (4) damage resulting from the breach.").  Moreover, however, even if plaintiff had

20  adequately alleged sufficient facts to establish a claim for breach, such claim would be

21  time-barred.  Plaintiff alleges defendant breached its agreement with plaintiff "when [Bank

22  of America] sold plaintiff a predatory loan."  Complaint, ¶ 101.  Accordingly, since plaintiff's

23  refinance loan was consummated in November 2006, and plaintiff's complaint filed in

24  January 2011, plaintiff's breach claim is barred by the applicable four year statute of

25  limitations.  See Cal. Civ. Proc. Code § 337(1).

26       To the extent plaintiff alleges, in the alternative, a claim for rescission of contract

27  premised on "mutual mistake relating to basic or material contractual terms," this claim also

28

3

United States District Court

For the Northern District of California

1  fails.  As defendant notes, a party seeking rescission must restore to the party everything of

2  value which he has received from him under the contract or offer to restore the same upon

3  condition that the other party do likewise.  See Cal. Civ. Code § 1691(b); Star Pacific

4  Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal. App. 3d 447, 457-58 (1981).  Plaintiff

5  has not alleged, however, that she has tendered the value of her loan proceeds or

6  otherwise satisfied her duty to restore to defendant the value of what plaintiff received from

7  defendant pursuant to the "residential mortgage agreement" in question.  Furthermore,

8  plaintiff's alternative claim for rescission also constitutes an action upon a written contract

9  governed by the four year statute of limitations, and thus, is time-barred.  See Cal. Civ.

10  Proc. Code § 337(1).

11         For the foregoing reasons, plaintiff's breach of contract claim and alternative claim

12  for rescission of contract, fails to state viable claim for relief.  It is therefore DISMISSED.

13  Plaintiff is granted leave to amend, however, in order to properly allege the elements of a

14  breach of contract claim, as well as tender of her loan proceeds as a predicate to a claim

15  for rescission.  Leave to amend is also granted so that plaintiff may properly allege her

16  entitlement to equitable tolling.

17         4.      Plaintiff's fourth claim alleging breach of the implied covenant of good faith

18  and fair dealing, is similarly deficient.  To establish a breach of an implied covenant of good

19  faith and fair dealing, a plaintiff must establish the existence of a contractual obligation,

20  along with conduct that frustrates the other party's rights to benefit from the contract.  See

21  Racine & Laramie v. Dep't of Parks & Rec., 11 Cal. App. 4th 1026, 1031-32 (1992); see

22  also Gus v. Bechtel Nat. Inc., 24 Cal.4th 317, 349-350 (2000)(the covenant of good faith

23  and fair dealing cannot be endowed with an existence independent of its contractual

24  underpinnings, and thus cannot impose substantive duties or limits on the

25  contracting parties beyond those incorporated in the specific terms of their agreement).

26  Here, plaintiff alleges that defendant Bank of America breached the duty of good faith and

27  fair dealing by directing plaintiff into a detrimental refinance loan, failing to provide plaintiff

28

4

United States District Court

For the Northern District of California

1   with certain notice and disclosures regarding her loan, and by failing to pay "as much

2   regard" to plaintiff's interests as to defendant's.  Complaint, ¶ 109.  However, apart from

3   conclusorily alleging these purported breaches, plaintiff alleges no supporting facts or

4   details that sufficiently establish that defendant breached any contractual obligation, nor

5   does plaintiff allege the manner in which defendant breached such contractual obligation,

6   i.e., by pleading specific conduct that frustrated plaintiff's rights to benefit from the contract.

7   Indeed, as mentioned in connection with plaintiff's breach of contract claim, the complaint

8   does not even sufficiently establish the terms of any contract between plaintiff and Bank of

9   America.

10       As such, plaintiff has failed to sufficiently plead a claim for breach of the implied

11  covenant of good faith and fair dealing, and the claim is therefore DISMISSED.  The

12  dismissal is with leave to amend, however, so that so that plaintiff may attempt to properly

13  allege a claim for breach of the implied covenant of good faith and fair dealing.

14       5.       Plaintiff's claim alleging negligence against defendants – alleging that Bank of

15  America participated in defendant Triton's conduct surrounding the loan origination and

16  thereby breached its "duty to the [p]laintiff to perform acts in such a a manner as to not

17  cause [p]laintiff harm" – also fails.  Actions for negligence are governed by a two-year

18  statute of limitations.  Given that more than four years have passed between the origination

19  of plaintiff's refinance loan, and the filing of plaintiff's complaint, the negligence claim is thus

20  time-barred.  Furthermore, absent allegations establishing a special relationship between

21  plaintiff and a defendant servicer/lender, neither a mortgage servicer nor a mortgage lender

22  normally owes any duty of care to a borrower.  See, e.g., Castaneda v. Saxon Mortg.

23  Servs., 687 F. Supp. 2d 1191, 1198 (E.D. Ca.. 2009)(loan servicer owes no duty of care to

24  borrower); Nymark, 231 Cal. App. 3d at 1095-96 (when the institution's involvement in the

25  transaction does not exceed the scope of its conventional role as a mere lender of money).

26       Accordingly, plaintiff's negligence claim against defendants is DISMISSED.  The

27  dismissal is with leave to amend, so that plaintiff may properly allege both her entitlement

28

5

United States District Court

For the Northern District of California

1    to equitable tolling, if applicable, and the existence of a qualifying special relationship

2    between plaintiff and defendant.

3    6.    Plaintiff's claim for violation of California's Rosenthal Act ("RFDCPA") against

4    Bank of America similarly fails.  Plaintiff alleges that defendant – who plaintiff alternatively

5    pleads is both a mortgage lender and/or servicer – engaged in abusive debt collecting

6    practices in violation of the RFDCPA.  See Complaint, ¶¶ 123-28.  However, "a loan

7    servicer is not a debt collector under [the RFDCPA]."  See, e.g., Lal v. Am. Home

8    Servicing, Inc., 680 F.Supp.2d 1218, 1224 (E.D. Cal. 2010); Nool v. Homeq Servicing, 653

9    F. Supp. 2d 1047 (E.D. Cal. 2009).  Nor do residential mortgage loans even fall within the

10   scope of the RFDCPA.  See Gamboa v. Trustee Corps., 2009 WL 656285, *4 (N.D. Cal.

11   March 12, 2009)("[T]he law is clear that foreclosing on a property pursuant to a deed of

12   trust is not a debt collection within the meaning of the RFDCPA."); Ines v. Countrywide

13   Home Loans, Inc., 2009 WL 690108, *4 (S.D. Cal. Mar. 12, 2009).  Accordingly, plaintiff's

14   RFDCPA claim fails, and defendant's motion to dismiss the claim is GRANTED, with

15   prejudice.

16   7.    To the extent plaintiff alleges that defendants have violated California

17   Business & Professions Code § 17200, plaintiff fails to state a viable claim.  Plaintiff alleges

18   that Bank of America's violation of the Rosenthal Act and RESPA, as well as defendant's

19   negligence, fraud, and illegal foreclosure activities, constitute unlawful activity pursuant to

20   section 17200.  Complaint, ¶ 132.  However, plaintiff has failed to adequately allege the

21   elements of a section 17200 claim.  Under section 17200, unfair competition is defined as

22   "any unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue

23   or misleading advertising."  See Cal. Bus. & Prof. Code § 17200.  An act is "unlawful" under

24   section 17200 if it violates an underlying state or federal statute or common law.  See Cal-

25   Tech Communications, Inc. v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

26   An act is "unfair" if the act "threatens an incipient violation of a [competition law], or violates

27   the policy or spirit of one of those laws because its effects are comparable to or the same

28

**United States District Court**
For the Northern District of California

1  as a violation of the law." Id. at 187.  A practice is "false or misleading" if "members of the

2  public are likely to be deceived."  See Chern v. Bank of America, 15 Cal. 3d 866, 876

3  (1976).   Additionally, "[a] plaintiff alleging unfair business practices under the unfair

4  competition statutes 'must state with reasonable particularity the facts supporting the

5  statutory elements of the violation.'"  Silicon Knights, Inc. v. Crystal Dynamics, Inc., 983 F.

6  Supp. 1303, 1316 (N.D. Cal. 1997)(quoting Khoury v. Maly's of California, 14 Cal. App. 4th

7  612, 619 (1993)).

8          Here, as set forth elsewhere herein, plaintiff has failed to adequately allege any of

9  the purported underlying violations of statutory provisions and/or common law, such that

10  the unlawful prong might be satisfied.  Nor does plaintiff allege any conduct by defendants

11  that would suggest the violation of a competition law, the policy or spirit of one of those

12  laws, or any other conduct that would suggest defendants' participation in "unfair" practices

13  under any specific legal provision.  To the extent plaintiff would rely on the "fraudulent"

14  prong, she has not sufficiently alleged fraud, as discussed in connection with the fraud

15  claim.  Furthermore, to the extent plaintiff relies on any alleged "illegal foreclosure

16  activities," defendants are correct that California Civil Code § § 2924-2924i provide the

17  exclusive framework governing non-judicial foreclosure in California.  See, e.g., Moeller v.

18  Lien, 25 Cal. App. 4th 822, 834 (1994).

19          Finally, defendant also correctly points out that plaintiff has failed to adequately

20  allege that she has suffered any injury in fact pursuant to section 17200.  Plaintiff has not

21  alleged facts demonstrating a loss of her property or any loss of money, nor does she

22  expressly allege that any foreclosure has even taken place.  Accordingly, plaintiff fails to

23  satisfy a requisite element of her section 17200 claim.  See R&B Auto Ctr., Inc. v. Farmers

24  Group, Inc., 140 Cal. App. 4th 327, 360 (2006)(requires section 17200 plaintiff to plead

25  "injury in fact" and "lost money or property" as a result of allegedly unfair practices).

26          In sum, and for all the foregoing reasons, plaintiff's seventh cause of action pursuant

27  to section 17200 is DISMISSED.  The dismissal is with leave to amend, however, so that

28

7

United States District Court

For the Northern District of California

1   plaintiff may attempt to properly allege a claim under section 17200.

2       8.      Finally, plaintiff's eighth cause of action, alleging violation of the Real Estate

3   Settlement Procedures Act ("RESPA"), fails to state a viable claim for relief.  With respect

4   to defendant Bank of America specifically, plaintiff alleges that defendant failed to notify

5   plaintiff about who her loan servicer was within 15 days of the assignment or transfer of

6   servicing rights to her loan, in violation of 12 U.S.C. §§ 2605(b-c), and that defendant

7   further violated 12 U.S.C. § 2605(e)(3) by providing information to consumer reporting

8   agencies regarding overdue payments allegedly owed by plaintiff.  See Complaint, ¶¶ 141,

9   145.  With respect to plaintiff's claim pursuant to sections 2605(b-c), however, plaintiff fails

10  to allege sufficient facts.  Plaintiff fails to allege, for example, that any assignment, sale, or

11  transfer of servicing rights to defendant affirmatively took place, let alone the date or

12  circumstances surrounding such transfer.  Indeed, plaintiff alleges that the mortgage notes

13  and deeds of trust relating to her refinance loan, "immediately after closing and recording,

14  were entered into MERS and the original notes were destroyed or warehoused, but *not*

15  transferred, assigned or negotiated."  Complaint, ¶ 23 (emphasis added).  Plaintiff further

16  alleges that in view of this non-transfer, Bank of America "could not have legally been given

17  the right to service plaintiff's loan," as defendant allegedly represents.  Id., ¶ 26.  Thus,

18  plaintiff fails to allege any predicate assignment or transfer of her loan, upon which to rest a

19  plausible claim for violation of section 2605(b-c).  Moreover, even if plaintiff's allegations

20  were construed to set forth a substantive claim under this RESPA provision, RESPA claims

21  filed pursuant to section 2605 are governed by a three-year statute of limitations.  See 12

22  U.S.C. § 2614.  Since plaintiff appears to allege, albeit confusingly, that any transfer or

23  assignment would have taken place "immediately upon closing" of the original refinance

24  loan in November 2006, see Complaint, ¶¶ 17, 23, and this action was not filed until

25  January 2011 – well outside the three-year limitations period – plaintiff's claim under § 2605

26  is time-barred.

27          To the extent that plaintiff attempts to state a claim for relief based on a violation of §

28

8

**United States District Court**
For the Northern District of California

1  2605(e)(3), this provision on its face applies only where a qualified written request has

2  been made by the borrower "relating to a dispute regarding the borrower's payments" – a

3  request which plaintiff expressly alleges she has not made.  See Complaint, ¶ 54.  Thus,

4  plaintiff has failed to plead an actionable claim pursuant to this provision.

5       Accordingly, plaintiff's eighth cause of action is DISMISSED for failure to state a

6  claim upon which relief may be granted.   The dismissal is with leave to amend, however,

7  so that plaintiff may attempt to properly allege a RESPA claim, as well as sufficient facts to

8  demonstrate her entitlement to equitable tolling, if plaintiff intends to rely on conduct

9  occurring "immediately upon closing" of her refinance loan.

10      Plaintiff's remaining cause of action alleging violations of the Truth in Lending Act

11  ("TILA") is not pled against defendants Bank of America and/or ReconTrust.  Accordingly, it

12  is not at issue in the present motion.

13      Plaintiff shall file any amended complaint no later than **May 11, 2011**.  All

14  amendments are limited to those identified herein.  Defendants shall have 21 days

15  thereafter in which to file a response to the amended complaint.

16      Plaintiff is further instructed to file a proof of service of the summons and complaint

17  upon remaining defendant Real Time Solutions/Resolutions, as she indicated at the

18  hearing on this motion that such service remains outstanding, no later than May 11, 2011.

19  **IT IS SO ORDERED.**

20  Dated: April 11, 2011

21  _____
    PHYLLIS J. HAMILTON
22  United States District Judge

9