1
2
3
4
5

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

6

7    ALISON M. ABELS,                          Case No.: 11-CV-208 YGR

8                    Plaintiff,               **ORDER GRANTING IN PART AND DENYING IN**
                                              **PART DEFENDANTS' MOTION TO DISMISS**
9              vs.

10   BANK OF AMERICA, N.A., TRITON
11   REALTY GROUP, INC., REAL TIME
     RESOLUTIONS; RECONTRUST
12   COMPANY, N.A., MARRISSA MORAN,
     and DOES 1-20, inclusive,
13
14                   Defendants.

15

16        Plaintiff Alison Abels brings this action against Bank of America, N.A. ("BANA") and

17   ReconTrust Co., N.A. ("ReconTrust") (collectively "Defendants"), among others.  As against these

18   defendants, Plaintiff alleges claims for fraud, breach of contract, negligence, violation of California

19   Business & Professions Code §17200, and violation of federal statutes (RESPA, TILA and

20   HOEPA)[1].

21        On June 1, 2011, Defendants filed a Motion to Dismiss all claims alleged against them on the

22   grounds that Plaintiff fails to state a cause of action generally, and specifically that all claims are

23   barred by the applicable statutes of limitations.  (Dkt. No. 26.)

24        The motion, having been stayed due to Plaintiff's bankruptcy filing, was reset for hearing

25   before Judge Hamilton after the stay was vacated by order issued November 14, 2011.  (Dkt. No.

26

27        [1]  Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605 et seq.; Truth in
     Lending Act ("TILA") 15 U.S.C. § 1601 et seq.; Homeownership and Equity Protection Act
28   ("HOEPA"), 15 USC §1640.

*United States District Court*
*Northern District of California*

United States District Court

Northern District of California

1  39.)  The motion was subsequently re-noticed for February 21, 2012, following reassignment.  (Dkt.

2  No. 54.)  The matter was heard on February 21, 2012, with counsel John D. Pingel of Reed Smith

3  LLP appearing for Defendants and Plaintiff appearing in pro per.  The Court heard argument and

4  took the matter under submission.

5      Having carefully considered the papers submitted and the pleadings in this action, and for the

6  reasons set forth below, the Court hereby GRANTS IN PART AND DENIES IN PART the motion

7  with leave to amend as specified herein.[2]

8                    **I. BACKGROUND**

9      This Court previously granted a motion to dismiss by these same Defendants, and gave

10  Plaintiff leave to amend on several of the claims by order issued April 11, 2011.  Plaintiff filed her

11  amended complaint on May 11, 2011 (first amended complaint or "FAC").[3]

12      This action concerns a loan executed on January 14, 2006, between Plaintiff and BANA's

13  predecessor, Countrywide.  In the FAC, Plaintiff alleges, among other things, that her income was

14  overstated in loan applications due to misconduct by an individual working for Countrywide named

15  Julio Amparo ("Amparo"), and that defendant Triton Realty Group Inc. ("Triton") and BANA's

16  underwriters knew or should have known of the fraudulent information in the application but

17  approved the loan anyway.  (FAC ¶37.)  Plaintiff alleges that Amparo, without her knowledge or

18  permission, falsified the loan application by inflating her income and including false gross rental

19  income of $2,500.00 per month.  (FAC ¶38.)  She alleges that BANA's underwriters could easily

20  have discovered these falsifications, but negligently did not, to her detriment.  (FAC ¶38.)

21      She also alleges that she did not receive the required documents and disclosures when she

22  signed the loan papers, including TILA disclosures and a right to cancel notice.  (FAC ¶61.)  She

23  _____

24      [2]  The Court notes that Defendant Real Time Resolutions filed a joinder in the instant motion
25  on February 22, 2012.  As the joinder was not properly noticed and indeed filed after the hearing
date, the joinder is DENIED.

26      [3]  Plaintiff did not oppose the original motion to dismiss before Judge Hamilton, but instead
27  filed an amended complaint on March 29, 2011.  The hearing on the original motion to dismiss was
held on March 30, 2011, the motion appears to have been directed at the original complaint, filed
28  January 13, 2011, rather than to the March 29 amended complaint.   The Court refers here to the
amended complaint filed on May 11, 2011, subsequent to the order granting that previous motion.

alleges she did not receive any of the "good faith estimates" required by TILA or any closing documents prior to closing, and that BANA failed to include a brokers' fee of $14,580 in the amount financed, as required by TILA.  (FAC ¶62.)  At closing she was not allowed to review the documents and was instructed not to alter any documents but only to sign and initial at various places.  (FAC ¶38.)  Plaintiff alleges that BANA fraudulently concealed that the loan was a high-cost loan subject to HOEPA in order avoid disclosures required under HOEPA, and also included a negative amortization provision prohibited under HOEPA.  (FAC ¶65.)  Further, she alleges BANA fraudulently added costs and charges to the payoff amount that were not justified or proper under its terms. (FAC ¶66.)

In an effort to plead around the statute of limitations problems identified in her original complaint, Plaintiff also pleads that "the misrepresentations and all allegations stated were discovered within the last few months, any applicable statute of limitations are extended due to lack of disclosures, lack of consummation under the applicable California Contract Law."  (FAC ¶70.)

Finally, Plaintiff alleges that she applied for a loan modification with BANA for over two years and though she was told it was "under review," no modification was ever offered.  (FAC ¶30.)

Defendant brings this motion on the grounds, generally stated, that each claim is barred under the applicable statute of limitations and that the claims are otherwise not sufficiently stated.  In addition, Plaintiff appears to have re-pleaded, either by accident or by design, certain claims as to which no leave to amend was granted by the Court's prior order.  The Court addresses the previously dismissed claims first, then turns to the statute of limitations defenses, and finally to the substance of the claims.

## II.  DISCUSSION

### A.    CLAIMS PREVIOUSLY DISMISSED WITHOUT LEAVE TO AMEND

Plaintiff's Second Claim for Breach of Fiduciary Duty Claim was previously dismissed with no leave to amend as to the moving defendants here.  As Plaintiff correctly points out, the claim has not been repleaded against these defendants and the motion to dismiss was unnecessary.  However, in her opposition to the motion, Plaintiff seeks reconsideration by the Court.  The matter is not

United States District Court

Northern District of California

United States District Court

Northern District of California

1    properly before the Court and, more importantly, Plaintiff does not offer any legal or factual basis for

2    reconsidering that ruling.

3            Defendant also moves to dismiss Plaintiff's fourth claim for Breach of Implied Covenant of

4    Good Faith and Fair Dealing Claim, a claim that was previously dismissed without leave.  In her

5    opposition, Plaintiff states that the claim is not alleged against these defendants and it is true that the

6    heading of the claim does not identify these defendants as being parties against whom it is directed.

7    Based upon that representation, the Court assumes that the reference to BANA in paragraph 110 was

8    an error and STRIKES it on its own motion.

9            Likewise, in Plaintiff's sixth claim for violation of the Rosenthal Act ("RFDCPA"), Civil

10   Code § 1788 et seq., the claim was previously dismissed without leave to amend against these

11   defendants.  Plaintiff concedes as much, but seeks reconsideration of the ruling in her opposition.

12   Again, the matter of reconsideration is not properly before the Court and Plaintiff does not offer any

13   legal or factual basis for reconsidering that ruling.

14           Plaintiff is admonished to take more care in her pleading and ensure that she does not replead

15   these claims against these defendants in any future complaint without first obtaining leave to amend.

16   **B.      STATUTE OF LIMITATIONS DEFENSE**

17           As to Plaintiff's claims for fraud, breach of contract/rescission, negligence, violation of

18   Business & Professions Code §17200, RESPA, TILA and HOEPA, Defendants urge that all of the

19   claims are time-barred.  Defendants argue that Plaintiff's claims arose in November 2006, at the

20   inception of the loan agreement, and that claims brought for the first time in January 2011 are all

21   time-barred under the various applicable statutes of limitations, the longest of which is four years.

22           In her opposition to the prior motion to dismiss, Plaintiff offered an argument that the statute

23   of limitations should be equitably tolled due to later discovery.  She was given leave to amend to

24   allege an adequate basis for equitable tolling.  Plaintiff now alleges that "the misrepresentations and

25   all allegations stated were discovered within the last few months, any applicable statutes of

26   limitations are extended due to lack of disclosures, lack of consummation under the applicable

27   California Contract Law."  (FAC at ¶70.)

28

4

United States District Court

Northern District of California

1    When a complaint is otherwise time-barred on its face, the plaintiff must allege specific facts

2    explaining the failure to learn of the basis for the claim within the statutory period rather than relying

3    on generalities.  *See, e.g., Snapp & Assoc. Ins. Svcs. Inc. v. Malcolm Bruce Burlingame Robertson*,

4    96 Cal.App.4th 884, 890 (2002) ("[b]ecause fraud is the basis of the estoppel, the same pleading and

5    proof is required in the fraud cases, i.e., the plaintiff must show (a) the substantive elements of fraud,

6    and (b) an excuse for late discovery of the facts"); *Casualty Ins. Co. v. Rees Inv. Co.*, 14 Cal.App.3d

7    716, 719-20 (1971).  Plaintiff has not done so here.  The allegations she adds in paragraph 70 of the

8    FAC ("the misrepresentations and all allegations stated were discovered within the last few months")

9    are simply too general and conclusory to avoid the statute of limitations bar.  If this were the only

10   basis offered by plaintiff to avoid the time bar, the claims would be dismissed.

11   However, in her opposition, Plaintiff argues a theory not stated in her FAC but based on facts

12   pleaded therein.  She argues that Defendants should be equitably estopped from asserting the statute

13   of limitations as a defense because they induced her to forebear from bringing suit by keeping her

14   loan modification request in process and under review for over two years.  (*See* Plaintiff's Response

15   filed July 5, 2011, ["Oppo."] at page 24, and Amended Response, filed October 28, 2011, at page

16   25.)  She says she applied in December 2008 for a modification, without any final decision, and that

17   it is no coincidence BANA and ReconTrust waited until Friday, November 12, 2010—2 days before

18   the four-year anniversary of her execution of the loan documents and thus the last day for most any

19   legal claim to be filed—to record a Notice of Default.  (Oppo. at page 21).

20   "'Equitable estoppel. . . comes into play only after the limitations period has run and addresses ...

21   the circumstances in which a party will be estopped from asserting the statute of limitations as a

22   defense to an admittedly untimely action because his conduct has induced another into forbearing

23   suit within the applicable limitations period.  [It] is wholly independent of the limitations period

24   itself and takes its life ... from the equitable principle that no man [may] profit from his own

25   wrongdoing in a court of justice.'" *Lantzy v. Centex Homes*, 31 Cal.4th 363, 383 (2003) (internal

26   citations and quotations omitted); *see also Atwater Elementary School Dist. v. California Dept. of

27   General Services*, 41 Cal.4th 227, 232 (2007).  "'To create an equitable estoppel, 'it is enough if the

28   party has been induced to refrain from using such means or taking such action as lay in his power, by

1  which he might have retrieved his position and saved himself from loss... Where the delay in

2  commencing action is induced by the conduct of the defendant it cannot be availed of by him as a

3  defense." *Atwater, supra,* 41 Cal.4th at 232-233 (internal quotations and citations omitted).  Bad

4  faith or an intent to deceive is not necessary.  *See Jordan v. City of Sacramento,* 148 Cal.App.4th

5  1487, 1496 (2007).  Thus, based upon Plaintiff's theory stated in her opposition, she may be able to

6  plead facts to establish a basis for equitable estoppel.

7       The motion to dismiss is GRANTED on statute of limitations grounds <u>but</u> Plaintiff is given

8  leave to amend to allege facts which, if proven, would establish that Defendants should be equitably

9  estopped from raising the statute of limitations as a bar to her claims.

10      In any amended pleading, Plaintiff should take care to allege the facts clearly and succinctly.

11  Plaintiff is further cautioned that, in presenting factual allegations to the Court, she is certifying that

12  "to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the

13  circumstances. . . the factual contentions have evidentiary support or, if specifically so identified,

14  will likely have evidentiary support after a reasonable opportunity for further investigation or

15  discovery." *See* Fed. Rules Civ. Proc., Rule 11.

16  **C.      FAILURE TO STATE CLAIMS**

17      **1.      Fraud Claim**

18      Plaintiff's first claim for fraud against defendants is premised on allegations that

19  BANA, Doe 1, Triton, and defendant Marissa Moran ("Moran") all made false representations

20  regarding material terms of the loan, including interest rates, refinancing options, and qualification

21  for other loans, all designed to induce her to enter into the transaction.  (FAC ¶72.)  She alleges that

22  "Amparo of Countrywide (BANA)" misstated her income on the loan application documents by

23  adding $2,500.00 rental income without her knowledge or consent, when she did not claim to receive

24  any rental income and BANA's underwriters knew or should have known of the fraudulent

25  information.  (FAC ¶76 [first and second paragraphs so numbered].)  She alleges that, as a proximate

26  result of the fraudulent conduct alleged, she was induced to enter into this loan, required to pay a pre-

27  payment penalty to World Savings on the prior mortgage, and required to pay other payments to

28  Triton and BANA.  (FAC at ¶¶ 77, 80.)

United States District Court

Northern District of California

1    Aside from the statute of limitations bar, Defendants move to dismiss the fraud claim on

2    grounds that fraud is not pleaded with sufficient particularity.  Defendants further argue that the

3    alleged misrepresentations are not actionable because any misrepresentations on the application

4    signed by Plaintiff were made by Plaintiff herself, such that she cannot claim to have been injured by

5    Defendants. The statute of limitations argument is addressed above.  With respect to the other two

6    arguments, the allegations added in the Amended Complaint are sufficiently specific to state the

7    basis for an actionable fraud claim.

8    While Plaintiff, in the original complaint, generally alleged that her income had been

9    overstated without her knowledge or permission, the allegations in the FAC offer details which more

10   particularly state the nature of the alleged fraud and tie Bank of America to the allegations.  Plaintiff

11   now alleges that, on or about November 7, 2006, a particular individual, "Amparo of Countrywide

12   (BANA)," changed the income figures on Plaintiff's loan application without her knowledge or

13   permission so as to qualify her for the loan.  (FAC ¶ 76 [first paragraph so numbered].)  She alleges

14   that BANA's underwriters knew or should have known about the fraudulent information in the

15   application but approved the loan anyway.  Moreover, she alleges that, although she never had a

16   phone interview with Amparo, and never claimed any rental income, these statements were added to

17   her application without her knowledge.  She alleges that she was induced to sign the loan documents

18   by the representations made by defendants as result of this falsified information.  She further alleges

19   that, as a result of this and other conduct, she was required to pay penalties and costs resulting in a

20   loss of approximately $25,000.  (FAC ¶ 80.)

21   These allegations identify the misrepresentation made by a person acting on behalf of

22   Defendant, when and how it was made, and in what manner it was misleading.  Moreover, Plaintiff

23   alleges damages as a result.  Therefore, aside from the limitations question, the fraud claims are

24   sufficiently alleged.

25   **2.    Third Claim for Breach of Contract and Rescission of Contract**

26   In addition to the statute of limitations, Defendants argue that Plaintiff has not

27   alleged the terms of any written agreement or that they were breached.  The alleged breach took

28   place before the Note was signed, so it would have to be some contractual agreement other than the

7

Note itself, which Plaintiff has not identified.  (FAC  ¶¶98, 99.)  Defendants argue rescission fails because Plaintiff read and signed the agreement, so there was no need for the lender to explain its terms, and because Plaintiff has not alleged tender, as she must to state a claim for rescission.

> *a.*     *Breach of Contract*

Plaintiff alleged the existence of a "residential mortgage agreement" with defendant Bank of America, although she failed to plead the substantive terms of any such contract or the manner in which such terms were breached.  As such, plaintiff has failed to allege the requisite elements of a breach of contract claim.  *See First Comm. Mort. Co. v. Reece*, 89 Cal. App. 4th 731, 745 (2001) ("A claim for breach of contract under California law consists of the following elements: (1) the existence of a contract; (2) performance by the plaintiff; (3) breach by the defendant; and (4) damage resulting from the breach.").  Indeed, the breach Plaintiff alleges seems to be related to something other than the terms of the residential mortgage agreement itself, but instead a breach of a tort duty.  For example, Plaintiff alleges defendant breached its agreement with plaintiff "when [Bank of America] sold plaintiff a predatory loan." (FAC ¶99.)  Plaintiff further alleges that BANA breached its agreement with her because it "failed to disclose to Plaintiff until closing the predatory nature of the loan e.g. that this loan was subject to HOEPA."  (FAC ¶99.)  These allegations do not, on their face, plead a breach of the terms of any agreement, but instead appear to allege breach of a duty or breach of statutory requirements.  Thus, the allegations are not sufficient to state a claim for breach of contract.

> *b.*     *Rescission*

Plaintiff pleads for rescission in the alternative.  She alleges: (1) that no contract existed because of fraud regarding the material terms; (2) that Plaintiff's mistake about the terms was not a result of neglect of her obligations; and (3) that BANA was aware of her mistaken beliefs and unfairly utilized this to take advantage of her. (FAC ¶101.)  The terms that Plaintiff claims were not properly represented to her include the total amount financed, which did not include the fee paid to Triton in violation of TILA.  (FAC ¶98.)

Defendants argue that Plaintiff signed an agreement that included all the terms and parties are held to have read and understood the contracts they sign, so she cannot claim that she is not bound.

This argument ignores that contracts subject to rescission are, generally, signed contracts. That Plaintiff signed the agreement here is not dispositive of the rescission question.

"A party seeking rescission based on fraudulent nondisclosure must show (1) the defendant failed to disclose a material fact which he knew or believed to be true; and (2) the defendant had a duty to disclose that fact." *San Diego Hospice v. County of San Diego*, 31 Cal.App.4th 1048, 1055 (1995), citing *Welch v. State of California* (1983) 139 Cal.App.3d 546, 556. "The duty to disclose arises when two elements are present: (1) the material fact is known to (or accessible only to) the defendant; and (2) the defendant knows the plaintiff is unaware of the fact and cannot reasonably discover the undisclosed fact." *Id.* Plaintiff's allegations are that the disclosures required under HOEPA were not made or received. These allegations sufficiently state the elements required for rescission, as do the allegations incorporated from the fraud claim. Thus the motion to dismiss fails to the extent it relies on these grounds.

> ### c.   Tender

As Defendants point out, a person seeking rescission must restore to the other party everything of value which he has received from him under the contract or offer to restore the same upon condition that the other party do likewise. *See* Cal. Civ. Code § 1691(b); *Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.,* 121 Cal. App. 3d 447, 457-58 (1981). Defendant argues that Plaintiff has not alleged that she has tendered the value of her loan proceeds or otherwise satisfied her duty to restore to defendant the value of what plaintiff received from defendant pursuant to the "residential mortgage agreement" in question. However, Plaintiff now pleads that she can tender. (*See* FAC at ¶160 [plaintiff "will be willing and able to tender once the true holder of the Note and Deed of Trust has been identified and the reciprocal amounts owed between Plaintiff and Defendants has been determined."].) This allegation is sufficient to state this element of the claim.

### C.   Fifth Claim for Negligence

Plaintiff alleges her fifth claim for negligence against all Defendants. Plaintiff alleges that "Defendant Triton and [*sic*] had a duty to exercise reasonable skill and care in the exercise of the agency duties for the Plaintiff's benefit and best interest and to perform acts as brokers of loans in a manner not to cause Plaintiff harm. (FAC ¶115.)

United States District Court

Northern District of California

United States District Court

Northern District of California

1    Since BANA and Recontrust Company, N.A. ("Recontrust") are not alleged to have been

2   acting as Plaintiff's broker but only as a lender or servicer on the loan, they would not normally be

3   considered to have a relationship with Plaintiff that would give rise to a duty of care to her.  *See, e.g.,*

4   *Castaneda v. Saxon Mortg. Servs.*, 687 F. Supp. 2d 1191, 1198 (E.D. Ca. 2009) (loan servicer owes

5   no duty of care to borrower).  "[A]s a general rule, a financial institution owes no duty of care to a

6   borrower when the institution's involvement in the loan transaction does not exceed the scope of its

7   conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n* (1991) 231

8   Cal. App. 3d 1089, 1095-96; *see also Spencer v. DHI Mortg. Co., Ltd.,*642 F.Supp.2d 1153, 1160-61

9   (E.D. Cal. 2009) (a lender owes no duty of care to approve loans according to borrowers' ability to

10   repay, unless the lender actively participated beyond the conventional role of a lender). Without an

11   express assumption of duty, a loan servicer does not owe a duty of care to a borrower.  *Castenada,*

12   *supra,* 687 F.Supp.2d at 1198.

13    It is true that a plaintiff must allege more than conclusory allegations regarding an agency

14   relationship when normally, as a matter of law, a broker is the agent of the borrower not the lender.

15   *Montoya v McLeod* 176 Cal.App.3d 57, 64 (1985).  However, Plaintiff further alleges that BANA

16   "directly ordered, authorized and participated in Defendant Triton's conduct" and BANA's duty to

17   her arises as a result.  (FAC ¶118.)  She alleges that BANA breached its duty when it failed to make

18   required disclosures to Plaintiff, failed to maintain the original Note, failed to properly assign or

19   transfer the Note, took payments to which it was not entitled, charged fees to which it was not

20   entitled, and made or authorized negative reporting of plaintiff's creditworthiness.  (FAC ¶ 118,

21   119.)  The allegations that BANA directly ordered, authorized and participated in Triton's conduct,

22   could, if proven, establish an express assumption of duty.

23    By contrast, plaintiff's allegations of failure to maintain the original note and other

24   irregularities concerning assignment and transfer are not actionable as negligence.  *See Osei v.*

25   *Countrywide Home Loans*, 692 F.Supp.2d 1240, 1251 (E.D. Cal. 2010) (dismissing negligence claim

26   for failure to maintain promissory note). "Under California law, there is no requirement for the

27   production of an original promissory note prior to initiation of a nonjudicial foreclosure, [t]herefore,

28   the absence of an original promissory note in a nonjudicial foreclosure does not render a foreclosure

1    invalid." *Pantoja v. Countrywide Home Loans, Inc.,* 640 F.Supp.2d 1177, 1186 (N.D.Cal. 2009).

2    The statutory provisions do not expressly include the requirement of possession of the original note.

3    *See generally* Cal. Civil Code §2924 *et seq.*, *see, e.g.*, Cal. Civil Code §2943(a)(4), (b)(1)—(2) (a

4    trustor, mortgagor, or beneficiary under a deed of trust, may request by written demand "a true,

5    correct and complete copy of the note *or other evidence of indebtedness* …." [emphasis added]).

6    California appellate courts have refused to add requirements to the comprehensive foreclosure

7    scheme set forth in Civil Code sections 2924 through 2924k.  *Gomes v. Countrywide Home Loans,*

8    *Inc.,* 192 Cal.App.4th 1149, 1154 (2011).

### D.    Seventh Claim for Violation of California Business & Professions Code § 17200

10              Aside from the statute of limitations argument, Defendant contends that Plaintiff lacks

11   standing due to failure to allege an injury in fact, and that the claim does not allege any proscribed

12   conduct.  Plaintiff's allegations are that "BANA's violation of the Rosenthal Act, RESPA, its

13   negligence, fraud and illegal foreclosure activities, as alleged herein, constitute unlawful, unfair

14   and/or fraudulent business practices."  (FAC ¶ 131.)  She alleges that she has suffered various

15   damages and injuries according to proof.  (FAC ¶ 135.)  As the Court found above that Plaintiff has

16   pleaded fraud with particularity, this would support the claim substantively.  And, since she has

17   alleged damages as a result (FAC ¶134), she has alleged injury in fact sufficient to state the claim.

### E.    Eighth Claim for Violation of RESPA

19              As in her original complaint, Plaintiff alleges that BANA had an obligation to notify

20   her of any assignment, sale or transfer within 15 days and that it failed to do so in violation of

21   RESPA sections 2605(b) and 2605(c).  (¶141).  She further alleges that BANA violated RESPA

22   section 2605(e)(3) by providing information to consumer reporting agencies regarding overdue

23   payments allegedly owed by Plaintiff.  (¶144)   These claims are virtually identical to those pleaded

24   in the original complaint at ¶¶ 141 and 145.

25              With respect to plaintiff's claim pursuant to sections 2605(b-c), Plaintiff does not allege

26   directly that any assignment, sale, or transfer took place.  Instead, she alleges that the mortgage notes

27   and deeds of trust relating to her refinance loan, "immediately after closing and recording, were

28   entered into MERS and the original notes were destroyed or warehoused, but not transferred,

United States District Court

Northern District of California

assigned or negotiated" and that BANA, along with MERS, failed to follow the basic legal requirements for transfer and assignment. (FAC at ¶¶ 23, 24.)  Plaintiff further alleges that no legal transfer ever took place, and that BANA "could not have legally been given the right to service plaintiff's loan," as defendant allegedly represents. (FAC ¶¶ 25, 26.)  As the Court's prior order pointed out, Plaintiff therefore failed to allege any predicate assignment or transfer of her loan, upon which to rest a plausible claim for violation of section 2605(b-c).  Having failed to add allegations to the FAC to cure this defect, the Court is not inclined to permit any further amendment.

With respect to the portion of the claim alleging a violation of § 2605(e)(3), this provision on its face applies only where a qualified written request has been made by the borrower "relating to a dispute regarding the borrower's payments." 12 U.S.C.A. § 2605(e)(3). ("During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15).")  In her original complaint, Plaintiff expressly alleged she had not made such a written request. (*See* Original Complaint, ¶54.)  Plaintiff does not plead to the contrary in the FAC.  Thus, plaintiff has failed to plead an actionable claim pursuant to this provision as well.

Plaintiff's claim under RESPA is DISMISSED WITHOUT LEAVE TO AMEND.

**F.      Ninth Claim for Violation of TILA**

Aside from their statute of limitations argument, Defendants contend that Plaintiff failed to allege facts demonstrating a TILA violation (including allegations of the loan, disclosures, which were improperly given and in what manner they were improper) and failed to allege tender.

In the FAC, Plaintiff adds BANA to her TILA claim for the first time.  She alleges that BANA violated TILA by failing to provide required disclosures clearly and conspicuously in writing as required by 1632(a) and 12 CFR 226.5(a)(1), failed to deliver required notices timely per 15 U.S.C.A. §1638, and failed to disclose all finance charge details, annual percentage rate and amounts financed as required under 1602(u).  (FAC ¶148.)  Plaintiff alleges that facts were "purposely hidden" (FAC ¶151.)  She alleges that because BANA was required to deliver the disclosures to her

prior closing, and that TILA grants a three day right to cancel commencing upon delivery of the disclosures, the time has not yet begun to run on her right to cancel.  (FAC ¶¶ 152, 153.)  Plaintiff alleges at ¶160 of her FAC that she "will be willing and able to tender once the true holder of the Note and Deed of Trust has been identified and the reciprocal amounts owed between Plaintiff and Defendants has been determined."  (FAC ¶160.)

TILA and Regulation Z require that the lender disclose applicable information about the loan transaction, including the amount financed, the finance charge, the annual percentage rate, the payment schedule, information regarding the variable rate, the total payments and total sale price, as well as the minimum monthly payment amount that the borrower is "'legally obligated'" to pay.  *See U.S. v. Petroff-Kline,* 557 F.3d 285, 294 (6th Cir. 2009).  Plaintiff has sufficiently alleged a violation of these requirements.  *Cf. Balderas v. Countrywide Bank, N.A.*, 664 F.3d 787, 790 (9th Cir. 2011) (allegations that notices received at time of loan signing did not comply with TILA sufficient to state a claim).

Plaintiff alleges at paragraph 160 of the FAC that she "will be willing and able to tender once the true holder of the Note and Deed of Trust has been identified and the reciprocal amounts owed between Plaintiff and Defendants has been determined."  (FAC ¶160.)  This is sufficient to satisfy the tender requirement.

### G.        Tenth Claim for Violation of HOEPA

In the Amended Complaint, Plaintiff alleges a new claim for violation of HOEPA, 15 USC §1640.  She alleges that BANA "failed to make the necessary advance-look disclosures for a high cost loan" (FAC ¶165), and that the loan sold to Plaintiff contained a negative amortization feature which is prohibited under HOEPA (FAC ¶168 [sic, first paragraph so numbered].)  She alleges that she did not receive any of the HOEPA disclosures.  (FAC ¶65.)

Defendants argue that the claim is time-barred and insufficiently pleaded.  On the substance of the claims, Defendants contend that Plaintiff only alleges conclusory allegations regarding the disclosures that were not given.

As explained in *Cooper v. First Government Mortg. and Investors Corp.,* 238 F.Supp.2d 50, 54 (D.D.C. 2002):

United States District Court

Northern District of California

13

Faced with increasing reports of abusive practices in home mortgage lending, Congress enacted HOEPA in 1994 as an amendment to TILA. Pub.L. 103-325 (amending TILA at 15 U.S.C. §§ 1601-02, 1604, 1610, 1639-41, 1648). . . HOEPA requires lenders to provide borrowers with additional disclosures, in conspicuous type size, with respect to certain home mortgages. 15 U.S.C. § 1639(a)(1). Congress intended HOEPA to result in greater disclosure to borrowers involved in high cost loans and to stop certain loan terms and practices. 15 U.S.C. § 1639. . . In order to implement TILA and HOEPA, the Board of Governors of the Federal Reserve System introduced Regulation Z. 12 C.F.R. § 226.1 et seq.

*Id.* (internal case citations omitted).  Courts have construed TILA and HOEPA liberally in favor of borrowers, and have imposed a standard of strict liability on creditors, finding liability regardless of the creditor's intent. *Id*. at 63 -64 (collecting cases).

As Plaintiff points out in opposition, TILA and HOEPA define "material disclosures" (sometimes referred to as "advance look" disclosures) in 15 USC §1602(u), and 15 USC §1639.  And HOEPA prohibits a negative amortization provision in covered loans. 15 USC §1639(f).  Plaintiff has pleaded both that the advance look disclosures were not made and that a prohibited provision was included.  As a result, leaving aside any statute of limitations issues, Plaintiff's claim for violation of HOEPA is sufficiently stated.

### H.    Claim for Injunctive Relief

Plaintiff alleges a tenth claim for injunctive relief stating that she is entitled to relief preventing BANA from any action to collect on the loans and/or to transfer the property.  As against Recontrust, she alleges that no assignment of the deed of trust was recorded prior to the recording of the NOD, so the later assignment to Recontrust was invalid and Plaintiff is entitled to disclosure of the true note holder in possession of the original note and proof of its delivery date and acceptance. (FAC ¶168-170.)

Injunctive relief is a remedy for a violation, not an independent claim.  *See, e.g., Cox Communications PCS, LP v City of San Marcos,* 204 F.Supp.2d 1272, 1283 (S.D. Cal. 2002). Therefore the court grants the motion with leave to amend to allege a substantive basis for this relief.

### III. CONCLUSION

In summary, Defendants' Motion to Dismiss is GRANTED IN PART as follows:

1      1. As to the first cause of action for fraud, the motion is GRANTED IN PART as to the

2  statute of limitations grounds only.  As to all other grounds asserted, the motion is DENIED.

3      Plaintiff is GRANTED LEAVE TO AMEND to allege facts sufficient to support equitable

4  estoppel as a means to avoid the statute of limitations bar on this claim.

5      2.  As to the second cause of action for breach of fiduciary duty, the motion is GRANTED

6  and the request for reconsideration is DENIED.

7      Leave to amend is DENIED.

8      3.  As to the third cause of action for breach of contract and rescission, the motion to

9  GRANTED IN PART on the grounds that the statute of limitations bars the claims and that Plaintiff

10  has not stated a claim for breach of contract.  As to all other grounds asserted, the motion is

11  DENIED.

12      Plaintiff is GRANTED LEAVE TO AMEND to allege facts sufficient to support equitable

13  estoppel as a means to avoid the statute of limitations bar on this claim;

14      4.      As to the fourth cause of action for breach of the implied covenant of good faith and

15  fair dealing, the claim was previously dismissed and Plaintiff did not intend to replead it such that the

16  reference to BANA in paragraph 110 should be and IS HEREBY STRICKEN and should not be

17  repleaded.  The motion to dismiss is DENIED as moot.

18      Leave to amend this cause of action is DENIED.

19      5.      As to the fifth cause of action for negligence, the motion is GRANTED IN PART as

20  to the statute of limitations grounds only.  As to all other grounds asserted, the motion is DENIED.

21      Plaintiff is GRANTED LEAVE TO AMEND to allege facts sufficient to support equitable

22  estoppel as a means to avoid the statute of limitations bar on this claim.

23      6.      As to the sixth cause of action for violation of the Rosenthal Act, the motion is

24  GRANTED and the request for reconsideration is DENIED.

25      7.      As to the seventh cause of action for violation of the Unfair Competition Law

26  ("UCL"), California Business & Professions Code § 17200, the motion is GRANTED IN PART as

27  to the statute of limitations grounds only.  As to all other grounds asserted, the motion is DENIED.

28

15

Plaintiff is GRANTED LEAVE TO AMEND to allege facts sufficient to support equitable estoppel as a means to avoid the statute of limitations bar on this claim.

8.      As to the eighth cause of action for violation of RESPA, the motion is GRANTED on the grounds that the statute of limitations bars the claims and that Plaintiff has not stated a claim.

Leave to amend is DENIED.

9.      As to the ninth cause of action for violation of TILA, the motion is GRANTED IN PART as to the statute of limitations grounds only.  As to all other grounds asserted, the motion is DENIED.

Plaintiff is GRANTED LEAVE TO AMEND to allege facts sufficient to support equitable estoppel as a means to avoid the statute of limitations bar on this claim.

10.     As to the tenth cause of action for violation of HOEPA, the motion is GRANTED IN PART as to the statute of limitations grounds only.  As to all other grounds asserted, the motion is DENIED.

Plaintiff is GRANTED LEAVE TO AMEND to allege facts sufficient to support equitable estoppel as a means to avoid the statute of limitations bar on this claim.

11.     As to the (duplicative) tenth cause of action for injunctive relief, the motion is GRANTED on the grounds that injunctive relief is not an independent cause of action

Plaintiff is GRANTED LEAVE TO AMEND to allege a substantive basis for her request for injunctive relief, or, alternatively, to seek injunctive relief in connection with one or more of her existing claims causes of action.

Any amended complaint must be filed and served no later than 14 days after the date of this order.  Any response must be filed and served within 14 days thereafter, or if no amended complaint is filed, within 21 days of the date of this order.

IT IS SO ORDERED.

March 2, 2012

_____
YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE