1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

ALISON M. ABELS,

       Plaintiff,

    vs.

BANK OF AMERICA, N.A., et al.,

       Defendants.

Case No.: 11-CV-208 YGR

**ORDER DENYING TEMPORARY RESTRAINING ORDER**

      Plaintiff Alison Abels ("Plaintiff") filed her Application for Order Shortening Time as to a preliminary injunction (Dkt. No. 63) on March 28, 2012.  The Application was accompanied by a Certificate in Support of Application for Order Shortening Time, in which Plaintiff declared that: the Trustee Sale of the property at issue in this litigation was scheduled for April 9, 2012; the trustee was acting in bad faith since it had notice of the Court's order granting leave to amend the complaint; that she advised counsel for the trustee of her intention to make her application to shorten time; and that she had not received a response from the trustee.  (Dkt. No. 63-2.)

      The Court deemed the Application to be a request for temporary restraining order and request for order to show cause re: preliminary injunction.  By order issued March 30, 2012, Plaintiff was directed to file and serve "memorandum of points and authorities, declaration in support and any other papers in support" of a temporary restraining order and order to show cause re: preliminary injunction no later than Monday, April 2, 2012.  (Dkt. No. 64.)

United States District Court
Northern District of California

1   On April 3, 2012, Plaintiff filed a memorandum of points and authorities (Dkt. No. 65) and

2   an amended memorandum of points and authorities (Dkt. No. 66).  No declarations or other

3   supporting documents were filed by Plaintiff in connection with the request for a temporary

4   restraining order.

5   Defendant Bank of America, N.A. filed its opposition on April 4, 2012.

6   The parties appeared in person for hearing on April 5, 2012, Plaintiff appearing *in pro per*

7   and Defendant Bank of America, N.A. appearing by counsel John Pingel, Esq.

8   The Court has carefully considered the pleadings in this matter, the arguments at the hearing,

9   as well as the papers submitted in support of and in opposition to the request for temporary

10  restraining order and those papers submitted with the initial Application.  The Court DENIES the

11  request for a temporary restraining order without prejudice to Plaintiff making a sufficient showing

12  in support of such relief at a future date.

13  Requests for temporary restraining orders are governed by the same general standards that

14  govern the issuance of a preliminary injunction.  *See New Motor Vehicle Bd. v. Orrin W. Fox Co.,*

15  434 U.S. 1345, 1347 n.2 (1977); *Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.,* 240

16  F.3d 832, 839 n. 7 (9th Cir. 2001).  A preliminary injunction is an "extraordinary and drastic

17  remedy," that is never awarded as of right.  *Munaf v. Geren*, 553 U.S. 674, 689-690 (2008) (internal

18  citations omitted).  Whether seeking a temporary restraining order or a preliminary injunction, a

19  plaintiff must establish four factors: (1) that she is likely to succeed on the merits; (2) that she is

20  likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities

21  tips in her favor; and (4) that an injunction is in the public interest.  *Winter v. Natural Resources*

22  *Defense Council. Inc.,* 555 U.S. 7, 20 (2008).

23  With respect to the success on the merits and balance of harms factors, courts will permit a

24  plaintiff making a strong showing on one factor to offset a weaker showing on the other, so long as

25  all four factors are established.  *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1 1 3 5 (9th

26  Cir. 2011).  For example, if the balance of hardships tips *sharply* in plaintiff's favor, she may

27  satisfy the likelihood of success factor by showing that there are at least "serious questions"

28  favoring the merits of her claim.  *Id.*  However, even a lesser showing of a "serious question"

requires evidence that the plaintiff "has a fair chance of success on the merits." *Sierra On-Line, Inc. v. Phoenix Software. Inc.,* 739 F.2d 1415, 1421 (9th Cir. 1984).

Here, the irreparable harm to Plaintiff is clear from the face of the complaint and the papers submitted – her home will be sold at a trustee's sale absent a temporary injunction. The balance of hardships appears to tip strongly in her favor. However, Plaintiff has not offered any evidence in support of her request for a temporary restraining order – even so much as to raise a "serious question" -- which she must do in order to establish a likelihood of success on her claims. Having failed to do so, the Court cannot grant temporary injunctive relief in her favor.

IT IS SO ORDERED.

April 6, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California