**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALISON M. ABELS, <br><br> Plaintiff, <br><br> vs. <br><br> BANK OF AMERICA, N.A., et al., <br><br> Defendants. | Case No.: 11-CV-208 YGR <br><br> **ORDER DENYING PLAINTIFF'S MOTION ON ENTRY OF DEFAULT JUDGMENT AND APPLICATION FOR SHORTENING TIME FOR MOTION ON ENTRY OF DEFAULT JUDGMENT** |

Plaintiff Alison Abels filed a Motion for Entry of Default Judgment Against Defendants Bank of America, N.A., Recontrust Company, N.A. and Realtime Resolutions ("the Foreclosing Defendants") on April 24, 2012. (Dkt. No. 83.) Thereafter, she filed an Application for Order Shortening Time as to her Motion for Entry of Default Judgment Against Defendants Bank of America, N.A., Recontrust Company, N.A., and Realtime Resolutions on April 25, 2012. (Dkt. No. 86.)

The Court having carefully reviewed the motion and papers submitted in support of both filings, and in the interests of justice, the Court rules on the Motion and on the Application at this time without further briefing.

First, Plaintiff's Motion for Entry of Default Judgment is DENIED. Plaintiff argues that a default judgment should be entered against the Foreclosing Defendants because they failed to file a response to her Second Amended Complaint within the time provided in this Court's Order Granting

1    in Part and Denying in Part Defendants' Motion to Dismiss.  (Dkt. No. 61.)  That Order required

2    Plaintiff to file and serve a Second Amended Complaint no later than March 16, 2012, and for

3    Defendants to file and serve their response "within 14 days thereafter." (*Id.*)

4    Plaintiff filed her Second Amended Complaint on March 16, 2012.  (Dkt. No. 62.)

5    Defendants' responses to the Second Amended Complaint were not filed until April 5, 2012, 20 days

6    later.  (Dkt. 71, 75.)  Adding on 3 days to the end of the period per Federal Rule of Civil Procedure

7    6(d), Defendants' responses were due no later than April 3, 2012, and filing on April 5, 2012, was

8    tardy.  Nevertheless, entry of default and default judgment under the circumstances here is not

9    warranted.

10   First, with respect to the Foreclosing Defendants at issue here, Plaintiff has not followed the

11   proper procedures for making a motion for default judgment.  No default has been entered against

12   Defendants Bank of America, N.A., Recontrust Company, N.A. and Realtime Resolutions. Plaintiff

13   filed no request for entry of default per FRCP 55(a) at that time.  Instead she filed a "Notice of Non

14   Response to Second Amended Complaint" on April 5, 2012. (Dkt. No. 70.)  The Court notes that

15   Plaintiff, though self-represented, has demonstrated that she understands how to request entry of

16   default, as she has previously done so in this case.  (*See, e.g.,* Dkt. No. 43.)  While Defendants'

17   responses were untimely filed and served, they have responded to the Second Amended Complaint

18   such that entry of default against them would not be proper.  *See United States v. Smith,* 212 FRD

19   480, 481 (M.D. N.C. 2002) (late answer filed before entry of default evidenced intent to defend,

20   making entry of default improper); *see also, Eitel v McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)

21   (strong policy of the Federal Rules favors decisions on the merits).

22   Even had Plaintiff timely sought entry of default against these defendants, entry of default

23   would not automatically entitle her to judgment.  *See Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir.

24   1986) (granting default judgment within court's discretion).  To the extent that Plaintiff is seeking to

25   have the court enter a default *judgment* against Defendants by way of this motion, the motion does

26   not prove up the basis for an entry of judgment by offering proof of Plaintiff's entitlement to the

27   relief she seeks in her Second Amended Complaint.

28

In short, Plaintiff's Motion for Default Judgment is without merit on its face and is DENIED by the Court.

As a result the application to shorten time on the motion is DENIED as moot.

IT IS SO ORDERED.

This order terminates Docket Nos. 83 and 86.

Dated: April 27, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

3