**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALISON M. ABELS,<br><br>    Plaintiff,<br><br>    vs.<br><br>BANK OF AMERICA, N.A., et al.,<br><br>    Defendants. | Case No.: 11-CV-208 YGR<br><br>**ORDER GRANTING MOTION OF DEFENDANT REALTIME RESOLUTIONS** |

Plaintiff Alison Abels ("Abels") brings this action against multiple defendants, including moving defendant Realtime Resolutions ("Realtime"). The Court has previously granted motions to dismiss filed by other defendants in this action, first on April 11, 2011, and then after the conclusion of a bankruptcy stay, on March 2, 2012, each time granting Abels leave to amend. Plaintiff filed her Second Amended Complaint on March 16, 2012. On April 5, 2012, Realtime filed a motion to dismiss or for a more definite statement under Federal Rules of Civil Procedure 12(b)(6) and 12(e). (Dkt. No. 71.)

The motion came on for hearing on May 15, 2012, Plaintiff Alison Abels appeared in *pro per*. Defendant Realtime appeared telephonically by counsel Matthew Van Fleet of Routh Crabtree Olsen, P.S.

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the motion without leave to amend.

## PROCEDURAL BACKGROUND

On March 2, 2012, the Court issued an order granting in part the Motion of Defendants Bank of America N.A. and Recontrust. That order gave Abels 14 days to file an amended complaint, with Defendants' response due 14 days thereafter. Abels filed her Second Amended Complaint on March 16, 2012.

Realtime filed its motion to dismiss on April 5, 2012. (Dkt. No. 71.)[1] Defendants Bank of America, N.A. ("BANA") and Recontrust likewise filed a motion to dismiss on that same date. (Dkt. No. 75.) On April 20, 2012, Abels filed a document labeled in ECF as a response to the Motion to Dismiss which was, in fact, captioned as a Motion for Default Judgment as against BANA and Recontrust. (Dkt. 80.) On April 21, 2012, Abels filed a document identified in ECF as a Response to the Motion to Dismiss filed by Realtime. (Dkt. No. 81.) Both documents offered nearly identical arguments as to why the motions by Realtime, BANA and Recontrust should not be considered because they were filed more than 14 days after service of the Second Amended Complaint. Abels argued that, instead, the Court should enter default judgments against all three of these defendants. Thereafter, on April 25, 2012, she filed an "Application for Order Shortening Time for Motion on Entry of Default Judgment Against Defendants Bank of America, N.A., Recon Trust Company, N.A., and Realtime Resolutions." (Dkt. No. 86.) By order issued April 27, 2012, Plaintiffs application for order shortening time, and the underlying requests for default judgment themselves,

---

[1] On that same day, April 5, 2012, Abels filed a document entitled "Non Response from Defendants' [sic] Bank of America, N.A. and Recon Trust [sic] to Plaintiff's Second Complaint" seeking an order from the Court that Defendants Bank of America, N.A. and Recontrust be ordered to answer the Second Amended Complaint. (Dkt. No. 70.) Abels did not mention any failure to respond timely with respect to Realtime in that document.

2

were denied. (Dkt. 87.) Plaintiff filed no response on the merits of Realtime's Motion to Dismiss, only the procedural argument that default judgment should be entered.

## STANDARDS APPLICABLE TO THE MOTION

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock. Inc.*, 349 F.3d 1191, 1199-1200 (9th Cir. 2003). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Specific facts are unnecessary - the statement need only give the defendant "fair notice of the claim and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (*citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

All allegations of material fact are taken as true. *Id.* at 94. However, legally conclusory statements not supported by actual factual allegations need not be accepted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff's obligation to set forth the basis for his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Iqbal*, 556 U.S. 679.

## DISCUSSION

The allegations in the Second Amended Complaint as against Realtime are few. Real Time is listed as a defendant in the caption and in the opening paragraph of the complaint. (Dkt. 62, Second Amended Complaint, at p.1, 2.) In the general allegations section, Realtime alleged to be one of several defendants seeking to enforce the deed of trust without proper standing to do so, since

3

Realtime is alleged not to be a "trustee, mortgagee, or beneficiary, nor are they authorized agents of the trustee, mortgagee or beneficiary, nor are they in possession of the Note, or holders of the Note, or non-holders of the Note entitled to payment, as required by the California Commercial Code §§ 3301 and 3309, and California Civil Code §2924 et seq." (*Id.* at ¶58, 68.)

Thereafter, the Second Amended Complaint makes no specific mention of Realtime in connection with any claim for relief except the Sixth Cause of Action for Violation of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §1788 *et seq.* This cause of action was dismissed without leave to amend in connection with the first motion to dismiss because a loan servicer is not a debt collector regulated by the Act, and foreclosure on a residential mortgage is not "debt collection" under the Act. (Dckt. 21, p. 6, ¶6, citing *Gamboa v. Trustee Corps.,* 2009 WL 656285, *4 (N.D. Cal. March 12, 2009) ("[T]he law is clear that foreclosing on a property pursuant to a deed of trust is not a debt collection within the meaning of the RFDCPA."); *Ines v. Countrywide Home Loans, Inc.,* 2009 WL 690108, *4 (S.D. Cal. Mar. 12, 2009). The same reasoning holds true with respect to Realtime. *See also Gardner v. Am. Home Mortg. Servicing, Inc.*, 691 F. Supp. 2d 1192, 1198 (E.D. Cal. 2010) (foreclosure does not constitute debt collection and collection efforts related to mortgage are outside the scope of the Act); *Rosal v. First Fed. Bank of California*, 671 F. Supp. 2d 1111, 1135 (N.D. Cal. 2009) (same).[2]

Abels alleges "against all Defendants" the First Cause of Action for fraud, the Fifth Cause of Action for Negligence, and the Seventh Cause of Action for Violation of the California Business and Professions Code §17200 *et seq.* However, none of the allegations made in connection with those claims makes any mention of any role played by Realtime. Nor do the general allegations about lack

---

[2] When Plaintiff repleaded this claim in her First Amended Complaint, the Court again dismissed the claim without leave to amend in connection with the subsequent motion to dismiss by BANA and Recontrust, for the same reasons. (Dkt. No. 61, 4:9-13.)

4

of standing to enforce the deed of trust form the basis for any of those claims. In short, no claim is stated against Realtime.

## CONCLUSION

The motion to dismiss is **GRANTED**. No further leave to amend is granted as it is clear that "allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir. 1962).

The Second Amended Complaint is **DISMISSED** in its entirety with prejudice. Defendant shall prepare and submit a proposed form of judgment of dismissal.

**IT IS SO ORDERED.**

Date: May 31, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**