UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ALISON M. ABELS,

     Plaintiff,

  vs.

BANK OF AMERICA, N.A., et al.,

     Defendants.

Case No.: 11-cv-208 YGR

ORDER DENYING PLAINTIFF'S MOTIONS TO ADD DEFENDANTS, TO SUPPLEMENT COMPLAINT, TO SET ASIDE ORDER ON MOTION TO DISMISS, AND FOR ENTRY OF DEFAULT JUDGMENTS; ORDER DENYING WELLS FARGO'S MOTIONS TO INTERVENE AND TO DISMISS ; ORDER GRANTING MOTION TO REMAND

Plaintiff Alison Abels ("Abels") brought the instant action against Defendants Bank of America, N.A. ("BANA"), Recontrust, Realtime Resolutions ("Realtime"), Triton Realty Group, Inc. ("Triton") and Marissa Moran.

Currently pending before the Court are the following motions:

(1) Plaintiff's Motion to Add Defendants Wells Fargo Bank, N.A.and Last Mile Properties, LLC (Dkt. No. 109);

(2) Plaintiff's Motion for Leave to File Supplemental Pleading (Dkt No. 110);

(3) Plaintiff's Corrected Motion to Set Aside Order Granting Defendants Bank of America, N.A., and Real Time Resolutions Motion to Dismiss (Dkt No. 111);

(4) Plaintiff's Application for Entry of Default Judgment Against Defendant Triton Lending Group (Dkt No. 114);

United States District Court
Northern District of California

United States District Court
Northern District of California

(5) Plaintiff's Application for Entry of Default Judgment Against Defendant Marissa Moran (Dkt No. 115);

(6) Motion by Third Party Last Mile Properties, LLC to Remand (Dkt No. 120) the unlawful detainer action removed by Plaintiff pursuant to her Notice of Removal and Corrected Notice of Removal filed in the instant action (Dkt Nos. 112, and 114);

(7) Motion by Third Party Wells Fargo Bank, N.A. as Trustee on behalf of the holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-12 ("Wells Fargo") to Intervene (Dkt No. 122); and

(8) Motion by Third Party Wells Fargo Bank to Dismiss Second Amended Complaint (Dkt No. 125).

Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court rules as follows:

Plaintiff's motions (Dkt. Nos. 109, 110, 111, 114, and 115) are **DENIED**, Wells Fargo's motions (Dkt Nos. 122 and 125) are **DENIED**, and Last Mile's motion to remand (Dkt No. 120) is **GRANTED**. [1]

## PROCEDURAL HISTORY

Plaintiff filed her original complaint January 13, 2011, alleging claims based upon the origination of her home mortgage, including that the loan was improperly securitized, that her income was overstated on her loan application without her knowledge or consent, and that the loan she was actually sold had different terms than what she was led to believe it would have.  She alleged that the original loan was sold to her by Triton and Marissa Moran.

---

[1]  Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds that all pending motions are appropriate for decision without oral argument.  Accordingly, the Court **VACATES** the hearings set for January 8 and January 15, 2013.

United States District Court
Northern District of California

The Court granted a motion to dismiss by defendants BANA and Recontrust on April 11, 2011, granting Plaintiff leave to amend.  Plaintiff filed her First Amended Complaint on May 11, 2011.  BANA and Recontrust filed a new motion to dismiss on June 1, 2011.  Before the motion was heard, Plaintiff filed a bankruptcy petition, and the action was stayed pending those proceedings.  After the conclusion of a bankruptcy stay, the motion to dismiss was granted on March 2, 2012, with leave to amend.

Plaintiff filed her Second Amended Complaint on March 16, 2012.  In addition to the previously pleaded allegations, Plaintiff also alleged that she had applied a loan modification with Countrywide, and then with BANA, and was led to believe modification of her mortgage loan was an option but only later learned that representations by BANA were false.  (Second Amended Complaint, Dkt. No. 62, ¶¶ 88-93.)

On March 28, 2012, Plaintiff filed an application for an order shortening time on a motion for preliminary injunction, which the Court granted and set for hearing and further briefing.  (Dkt. No. 64.)  A hearing was held on April 5, 2012, and the Court issued its order denying the preliminary injunction on April 6, 2012, finding that Plaintiff had failed to offer evidence to support any injunctive relief.  (Dkt No. 77.)

On April 5, 2012, BANA and Recontrust filed their motion to dismiss (Dkt. No. 75) and Realtime filed its motion to dismiss (Dkt. No. 71).  Those motions were granted without leave to amend on May 31, 2012. (Dkt. Nos. 91, 92.)

Upon entry of that order, the only remaining defendants in the action were Triton and Marissa Moran, as to which defaults had been entered previously, but default judgments had not.  (*See* Docket Nos. 43, 44, 45, 46, 48, and 50.)  In response to an Order to Show Cause re: Dismissal for failure to prosecute, Plaintiff filed motions for default judgment against Triton and Moran.  (Dkt. Nos. 114 and 115.)

In the meantime, on July 5, 2012, Wells Fargo filed a Motion to Intervene and Motion to Expunge Plaintiff's Notice of Pendency of Action.  (Dkt. Nos. 93, 95.)  On August 9, 2012, the Court issued an Order to Show Cause (Dkt. No. 100) directing Wells Fargo to explain why those motions should not be denied for its failure to demonstrate a current interest in the property.  In response, Wells Fargo withdrew the motions.  (Dkt. No. 101.)

**DISCUSSION**

**I.    Plaintiff's Motion to Add Defendants Wells Fargo Bank, N.A. and Last Mile Properties, LLC (Dkt. No. 109), for Leave to File Supplemental Pleading (Dkt No. 110), and to Set Aside Order Granting Defendants Bank of America, N.A., and Real Time Resolutions Motion to Dismiss (Dkt No. 111)**

Plaintiff seeks to add Wells Fargo and Last Mile as defendants to the action, arguing that they are each liable to her based upon the same transactions and occurrences currently before the Court. Similarly, she seeks to supplement her complaint to add new events concerning these two entities in relation to the subject property.  Specifically, Plaintiff argues that now-dismissed defendant BANA assigned the deed of trust on the property to Wells Fargo, a fact that was recorded in the chain of title, but not "disclosed" to Plaintiff.  Wells Fargo subsequently conducted a foreclosure sale on the property, selling it to Last Mile, and recording a trustee's deed upon sale in the name of Last Mile. Plaintiff also complains that Wells Fargo misrepresented its interest in the property when it filed its first motion to intervene, professing to have a current interest when it did not.  Plaintiff argues that Last Mile is liable to her because the trustee's deed upon sale slandered her title and Last Mile was not a bona fide purchaser.  She argues that BANA had no standing to move to dismiss her complaint and that she was unable to enjoin the correct party, Wells Fargo, before it was able to conduct the foreclosure sale.

Lastly, in her motion to set aside the Court's Order dismissing her Second Amended Complaint without leave to amend, Plaintiff argues that the motion should not have been granted

United States District Court
Northern District of California

because BANA "had no standing" in the case and became a "non-party" when it transferred its interest in the property to Wells Fargo, which occurred before BANA filed its final motion to dismiss.

The Court may add or drop parties on such terms as are just.  Fed. R. Civ. P. 21.  Moreover, parties whose joinder will not deprive the court of subject matter jurisdiction are required to be joined if: (1) in that party's absence, the court cannot afford complete relief among the existing parties; or (2) the party claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may impede its ability to protect the interest or leave an existing party subject to a risk of multiple or inconsistent obligations.  Fed. R. Civ. P. 19.

Here, however, Plaintiff does not articulate any reason that Wells Fargo and Last Mile should be made parties to the instant action, particularly in light of the Court's ruling that Plaintiff could not establish an entitlement to preliminary injunctive relief and the Court's subsequent dismissal of all claims against BANA, Recontrust and Realtime.  The transactions and circumstances that formed the basis for the litigation were related to the origination of underlying mortgage and BANA's alleged misrepresentations about a loan modification.  The Court determined that those allegations did not state a viable claim.  Plaintiff offers no basis for Wells Fargo's liability other than that BANA assigned its interest to Wells Fargo.[2]  Likewise, the only basis for liability as against Last Mile is that it bought the property at the foreclosure sale initiated by Wells Fargo.  While Plaintiff argues that the foreclosure sale was improper under California Civil Code section 2924, she does not offer any basis for this conclusion, much less one that has not already been rejected by the Court in granting the motions to dismiss.  In short, there are no common transactions and occurrences before the Court

---

[2]  Plaintiff argues Wells Fargo failed to disclose that the Deed of Trust on the subject property was assigned to it by BANA, in violation of the Truth In Lending Act regulations at 12 C.F.R. § 226.39.  Leaving aside the question of whether this is a viable basis for liability, it is not part of the same transactions and occurrences that were alleged against BANA, nor is it intertwined with the allegations against BANA or any other defendant.

since the claims from which Plaintiff attempts to derive Wells Fargo's and Last Mile's liability have already been dismissed.

Finally, Plaintiff moves under Rule 60 of the Federal Rules of Civil Procedure to set aside the Court's Order granting the Motion to Dismiss of BANA and Recontrust.  Plaintiff argues that BANA lacked "standing" to move to dismiss, and failed to notify her and the Court of the assignment. Plaintiff misunderstands the meaning of standing.  Plaintiff named BANA and Recontrust and alleged wrongdoing by them in an attempt to establish a legal basis for halting a foreclosure sale, among other things.  As named defendants in Plaintiff's complaint, BANA and Reconstrust were parties with a right to raise whatever defenses were available to them, including failure to state a claim as argued in their motions to dismiss.  While BANA's failure to inform Plaintiff and the Court of the assignment of the Deed of Trust to Wells Fargo may have been less than candid, it does not provide a basis for vacating the Court's ruling on its motion to dismiss under Rule 60 since the issue of the current assignment of the deed of trust ultimately has no bearing on whether Plaintiff's allegations against BANA state a legal basis for relief.[3]

## II.   Plaintiff's Application for Entry of Default Judgment Against Defendant Triton Lending Group (Dkt No. 114) and Defendant Marissa Moran (Dkt No. 115)

Plaintiff's Applications for Entry of Default Judgment both indicate that a declaration in support of the entry of judgment was to be submitted with the applications, but the Court's review of the docket herein indicates that no such declarations were filed.  In the absence of any evidence to support entry of judgment against Triton or Marissa Moran, the Applications must be **DENIED**.

Moreover, the Court has previously ruled that these claims would be time-barred under the applicable statutes of limitations in the context of the motions to dismiss by BANA and Recontrust.

---

[3] Moreover, as BANA and Recontrust point out in their opposition, had the Court had granted injunctive relief prior to the dismissal of the claims here, Recontrust would have been obligated to cease action on the foreclosure sale as it continued to be the trustee under Deed of Trust.

United States District Court
Northern District of California

(*See* Order, Dkt. 90 at 4:3-6:18.)  If anything, the allegations as to Triton and Moran are even more clearly time-barred than those against BANA, as there are no factual allegations of any conduct by Triton or Moran whatsoever within the four years preceding the filing of the complaint.  Thus, the denial of the default judgment applications is with prejudice, and Defendants Triton and Marissa Moran are **DISMISSED**.

### III.	Motion to Remand Unlawful Detainer Action Removed Within This Case Number (Dkt No. 120)

This case was removed from the Superior Court of the State of California, County of Alameda, where it was pending as an unlawful detainer action against Plaintiff Alison M. Abels. Defendant filed her Notice of Removal October 18, 2012 (Dkt No. 112), and her Corrected Notice of Filing of Notice of Removal on October 30, 2012 (Dkt. No. 116).  Abels removed the unlawful detainer case pursuant to 28 U.S.C. § 1441 and 1446, invoking this Court's federal question jurisdiction under 28 U.S.C. §1331 because Wells Fargo had an obligation to disclose the transfer from Bank of America to it pursuant to 15 U.S.C. § 1641(g), as well as diversity jurisdiction under 28 U.S.C. § 1332(a) on the basis that there is complete diversity of citizenship and "more than $75,000 (the value of the Subject Property)" is at stake.  (Dkt No. 112 at 2.)  Plaintiff also asserts that her rights under the Constitution have been violated by (unspecified) persons acting under color of law, making federal jurisdiction appropriate.  (*Id.* at 3-4.)

Last Mile moves to remand the unlawful detainer action.  (Dkt. No. 120.)  Plaintiff has not filed an opposition to the motion.

The Court **GRANTS** the motion for remand.  First, Abels' removal of the unlawful detainer complaint is untimely.  A notice of removal must be filed within 30 days after receipt of a copy of the initial pleading.  28 U.S.C. § 1446(b).  The summons and complaint were served by posting order per Cal. Code of Civil Procedure section 415.45 on August 6, 2012.  "Service of summons in this manner is deemed complete on the 10th day after posting and mailing." Cal. Civ. Proc. Code §

United States District Court
Northern District of California

415.45(c).  Thus, a notice of removal should have been filed no later than September 15, 2012.  The Notice of Removal on the docket herein was filed October 18, 2012.  (Dkt No. 112.)[4]

Second, no federal question is presented -- the removed state court complaint asserts only one state law claim for unlawful detainer.  A defense under federal law does not create federal question jurisdiction.  *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987) (under the "well-pleaded complaint" rule, a case may not be removed on the basis of a federal defense); *see also Wayne v. DHL Worldwide Express*, 294 F.3d. 1179, 1183 (9th Cir. 2002) (existence of a defense based on federal law is insufficient to support jurisdiction).  A defendant's counterclaims and defenses asserting a federal question cannot give rise to jurisdiction under section 1331.  *Vaden v. Discovery Bank*, 556 U.S. 49, 60 (2009).  Thus Plaintiff's argument that the assignment to Wells Fargo was not done with notice as required under federal law is not sufficient to create federal questions jurisdiction over this unlawful detainer complaint.

Third, the amount in controversy in the unlawful detainer action does not meet the jurisdictional threshold of $75,000.00 for diversity jurisdiction, nor has Abels offered evidence to meet her burden to show complete diversity of citizenship between the parties.

## IV.   Motions by Third Party Wells Fargo to Intervene (Dkt No. 122) and to Dismiss Second Amended Complaint (Dkt No. 125)

Wells Fargo seeks to intervene in the instant action under the permissive joinder provisions of Federal Rule of Civil Procedure 24(b).  Wells Fargo filed a similar motion previously in this case, which it withdrew after the Court ordered that it demonstrate a current interest in the property.  Wells Fargo now argues, in a conclusory fashion, that it has claims or defenses that share common questions of fact or law with the main action.  First, the claims of the "main action" have been dismissed.  Second, whatever claims or defenses Wells Fargo might have would be distinct from those giving rise to the dismissed claims, since those allegations concerned the origination of the loan and the misrepresentations about a loan modification, neither of which involved Wells Fargo.

---

[4]  The Court notes that both this Notice of Removal and Abels' Corrected Notice of Filing of Notice of Removal indicate that they were signed by Abels on September 24, 2012, considerably earlier than their filing dates.  However, even if they had been filed on September 24, 2012, they still would have been untimely.

8

United States District Court
Northern District of California

Intervention under Rule 24(b) is a matter within the discretion of the Court, and should not be granted when the intervention is untimely or would unduly delay or prejudice the complete adjudication of the original parties' rights.  *See Donnelly v. Glickman,* 159 F.3d 405, 412 (9th Cir.1998); *Orange v. Air Cal.,* 799 F.2d 535, 539 (9th Cir.1986).  Here, the request to intervene comes well after the claims against BANA and Recontrust were dismissed by the Court.  Thus the Motion of Wells Fargo to Intervene is **DENIED**.  Wells Fargo's desire to join the litigation at this late date in hopes of heading off any future claims by Plaintiff is not sufficient reason to permit joinder after the main action has been dismissed.

As a further result, Wells Fargo's Motion to Dismiss Plaintiff's Second Amended Complaint is **DENIED** as moot since it is not a party to that complaint.

## CONCLUSION

Based upon the foregoing:

(1) Plaintiff's Motion to Add Defendants Wells Fargo Bank, N.A., and Last Mile Properties, LLC (Dkt. No. 109) is **DENIED**;

(2) Plaintiff's Motion for Leave to File Supplemental Pleading (Dkt No. 110) is **DENIED**;

(3) Plaintiff's Corrected Motion to Set Aside Order Granting Defendants Bank of America, N.A., and Real Time Resolutions Motion to Dismiss (Dkt No. 111) is **DENIED**;

(4) Plaintiff's Application for Entry of Default Judgment Against Defendant Triton Lending Group (Dkt No. 114) is **DENIED** and Defendant Triton Lending Group is **DISMISSED**;

(5) Plaintiff's Application for Entry of Default Judgment Against Defendant Marissa Moran (Dkt No. 115) is **DENIED** and Defendant Marissa Moran is **DISMISSED**;

(6) the Motion by Third Party Last Mile Properties, LLC to Remand (Dkt No. 120) the unlawful detainer action removed by Plaintiff pursuant to her Notice of Removal and Corrected Notice of Removal filed in the instant action (Dkt Nos. 112, and 114) is **GRANTED**.  However, Last Mile's request for an award of attorneys' fees is **DENIED**.

The Clerk of the Court is directed to **REMAND** the state court unlawful detainer action referenced in Plaintiff's Notice of Removal (Dkt. No. 112) to the Superior Court of the State of California, County of Alameda.

(7) Motion by Third Party Wells Fargo Bank, N.A. as Trustee on behalf of the holders of the HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2006-12 ("Wells Fargo") to Intervene (Dkt No. 122) is **DENIED**; and

(8) Motion by Third Party Wells Fargo Bank to Dismiss Second Amended Complaint (Dkt No. 125) is **DENIED**.

**IT IS SO ORDERED.**

January 4, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**